[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence June 16, 1995 Date of Application Not indicated. Date Application Filed June 16, 1995 Date of Decision January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR93-450740; CR94-466095; CR90-391505.
Donald Cardwell, Esq. Defense Counsel, for Petitioner.
Carl E. Taylor, Esq. Assistant State's Attorney, for the State. CT Page 1287-M
BY THE DIVISION
After a plea of guilty, petitioner was convicted of carrying a pistol without a permit in violation of General Statutes § 29-35(a); criminal attempt to commit assault in the first degree in violation of § 53a-59(a)(1) and § 53a-49; and, willful failure to appear in the first degree in violation of § 53a-172(a). After admission, petitioner was also found in violation of probation.
As a result of such conviction, a five year sentence was imposed on the first charge. On the criminal attempt to commit assault in the first degree a sentence of ten years was imposed and a consecutive sentence of three years was imposed on the willful failure to appear charge. A sentence of six years was imposed on the violation of probation. The sentence imposed for the pistol charge and the violation of probation charge were to be served concurrently with the other sentences imposed. The total effective sentence was thirteen years.
The facts underlying petitioner's conviction indicate that the police were driving behind a car when the officers observed four or five shots being fired from the vehicle in front. A muzzle flash was observed from coming from the front passenger window. The police vehicle began to chase the car which stopped and three males exited the vehicle and ran. Petitioner was the front passenger. He fell as he left the vehicle. Near where he fell, police found a magazine containing several .380 caliber live rounds. When petitioner was caught he had in his boot a .380 pistol. The shooting resulted in a victim being shot in the hand. At the time of the offense petitioner was on probation.
Petitioner's attorney argued for a reduction in sentence, claiming that under the circumstances of the case, the sentence imposed was excessive. CT Page 1287-N
By way of background, counsel stated that prior to this offense, petitioner had been shot at and his actions in this matter were in the nature of self defense and arose out of a fear that he himself would be assaulted if he did not take appropriate action.
Petitioner's attorney argued that in imposing the ten year sentence on the attempted assault charge, the court failed to consider the prior assault against petitioner and did not give sufficient weight to the fact that petitioner's action was a result of the fear that he himself would be assaulted.
With respect to the three year consecutive sentence for willful failure to appear the attorney stated that on the date of the original sentencing for the assault charges petitioner was in court prepared to be sentenced. When a delay in court proceedings occurred petitioner left the court and did not return. This, according to his attorney, was a result of an understandable human failure on the part of petitioner who had a problem accepting a long prison sentence. The attorney pointed out that petitioner made no attempt to abscond from the area, he did not leave the city and within a short time was apprehended. It was recommended that a three year concurrent sentence would have been more appropriate under the circumstances.
The assistant state's attorney objected to any reduction. He pointed out that at the time the shooting occurred petitioner was on probation. It was also noted that while petitioner was out on bond for this offense, he was arrested on other offenses. Attention was also directed to petitioner's prior serious criminal record.
The record here indicates that petitioner was convicted of offenses involving the discharge of a firearm on the public streets of the city and that he was on probation at the time of the offense. Petitioner had a criminal record which included six prior convictions and a violation of probation. The presentence investigation indicated that petitioner has had continuous involvement with the criminal justice system since turning 16 years of age. The report also indicated that probation had little effect on his conduct and that petitioner was deeply involved in drug activities within the Hartford CT Page 1287-O area. The probation officer who prepared the report concluded that petitioner was a threat to the community.
Considering the nature of the offense and the need to protect the public from such dangerous criminal activity, the sentence imposed does not appear to be inappropriate or disproportionate. This is particularly true when petitioner's character is considered. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.